```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  ANNE PINGS
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2785
```



FILED

FEB 29 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No. S-08-0042-EJG |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: February 29, 2008 |
| ALLEN W. COTTEN, | TIME: 10:00 a.m. |
| | HON. Edward J. Garcia |
| Defendant. | |

## I.

## INTRODUCTION

**A. Scope of Agreement:** The Information in this case charges the defendant with a single count of Theft of Trade Secrets in violation of 18 U.S.C. § 1832. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

//

-1-

**B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to a single count of Theft of Trade Secrets in violation of 18 U.S.C. § 1832. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Waiver of Indictment:** The defendant agrees that, at the time of entry of plea, he will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

**C. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. In addition to any other Court-ordered restitution, the defendant stipulates and agrees to pay restitution in the following amount:

| Victim | Amount |
|---|---|
| Genesis Microwave Incorporated | $15,000 |

Payment should be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**D. Special Assessment:** The defendant agrees to pay a special assessment of $ 100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing.

### III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Further Prosecution:** The government agrees not to proceed with prosecution on additional charges related to the defendant's theft of items from Genesis Microwave Incorporated within the time frame set forth in the Information or his sale of DLVAs and SDLVAs to foreign governments during the same time period.

**B. Guideline Range:** The government agrees to recommend sentencing at the low-end of the applicable sentencing guideline range.

### IV.

### ELEMENTS OF THE OFFENSE

**A. Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

>First, that the defendant, without authorization did knowingly: steal, appropriate, take, carry away, copy, duplicate, download, replicate, transmit, deliver, send, communicate, or convey, a trade secret; or that he knowingly possessed trade secret information knowing it to have been stolen or appropriated or converted without authorization;
>
>Second, that the trade secret was related to or included in a product that was produced for or placed in interstate or foreign commerce;
>
>Third, that the defendant acted with the intent to convert a trade secret;
>
>Fourth, that he did so to the economic benefit of someone other than the owner of the trade secret; and
>
>Fifth, that he intended or knew that the offense would injure any owner of that trade secret.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence that the Court can impose is 10 years of incarceration, a fine of $ 250,000, a period of supervised release of not more than 3 years and a special assessment of $ 100. By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B. Violations of Supervised Release:** The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term

//

-4-

1 | of supervised release and require the defendant to serve up to 2
2 | additional years imprisonment.

### VI.

### SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Stipulations Affecting Guidelines Calculation:** The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

27 | //
28 | //

1. **Base Offense Level:** The amount of intended loss resulting from the defendant's criminal conduct was more than $200,000 and less than $400,000.

2. **Specific Offense Characteristics:** Pursuant to U.S.S.G. § 2B1.1(b)(5), the defendant stipulates that he knew or intended that the offense would benefit a foreign government, foreign instrumentality, or foreign agent.

3. **Acceptance of Responsibility:** If the United States Probation Office determines that a three-level reduction in defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

4. **Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties stipulate and agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

-6-

## VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables. He specifically gives up his right to appeal any order of restitution the Court may impose.

Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Notwithstanding the agreement above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or

reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

**D. Waiver of DNA Testing:** Defendant has been advised that the government has in its possession items of physical evidence that could be subjected to DNA testing. The defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering guilty plea[s] pursuant to this Plea Agreement, he could request DNA

testing of evidence in this case. The defendant further understands that, with respect to the offense[s] to which he is pleading guilty pursuant to this Plea Agreement, he would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, the defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. The defendant understands and acknowledges that by giving up this right, he is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. The defendant further understands and acknowledges that by giving up this right, he will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offense[s] to which he is pleading guilty.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless committed to writing and signed by defendant, counsel for the defendant, and counsel for the United States.
//
//

## IX.

### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED: 29 Feb 08

KRESTA N. DALY
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 2-29-08

ALLEN W. COTTEN, Defendant

**C. Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

DATED: 2/29/08

McGREGOR W. SCOTT
United States Attorney

By: _____
ANNE PINGS
Assistant U.S. Attorney

**EXHIBIT "A"**

**Factual Basis for Plea**

Beginning in February 2004, while employed at Genesis Microwave Incorporated, in the Eastern District of California, defendant Allen Cotten stole items including plans, designs, specifications and mechanical parts and hardware for the manufacture and testing of detector logarithmic video amplifiers (DLVAs) and successive detection logarithmic video amplifiers (SDLVAs) which are components used in microwave technologies. The military applications of these technologies include enhancing navigation and guidance capabilities, radar jamming, electronic countermeasures, and the ability to locate and pin-point enemy signals during warfare. The designs that the defendant downloaded from Genesis computers were the property of the Genesis company and had been developed by Genesis engineers to include a design that was secret.

Continuing until February 2006, the defendant sold and/or offered for sale, DLVAs and SDLVAs made using the secret Genesis plans and stolen equipment. In doing so, he caused or intended to cause a loss to Genesis Microwave Incorporated by depriving them of the opportunity to sell the DLVAs or SDLVAs made with the secret designs to the same customers. The companies to which Allen Cotten sold, or offered to sell, DLVAs or SDLVAs made from the Genesis designs included foreign governments, foreign instrumentalities and/or foreign agents. According to the defendant's own admissions, as corroborated by evidence seized by the FBI, the total amount of actual or intended sales to these companies was approximately $250,000. The value of the stolen hardware, parts and testing equipment was $15,000.